Appellant-defendant James W. Francis appeals from a sexual predator adjudication in the Summit County Court of Common Pleas. This Court affirms.
On March 8, 1993, the Summit County Grand Jury indicted Francis on charges stemming from allegations that he had engaged in improper sexual conduct with his juvenile daughter during a visitation period over the prior Christmas season. Two supplemental indictments were subsequently issued; during this process, the original charges were dismissed at the request of the prosecutor while other charges were added. Francis pleaded not guilty to all of the charges against him. The matter proceeded to trial in June 1993, and the jury returned a verdict against Francis for some of the charges, while finding him not guilty of other charges.
In an entry time-stamped June 8, 1993, the trial court sentenced Francis as follows: seven to twenty-five years imprisonment and a mandatory fine of $5,000 for corrupting another with drugs, a violation of R.C. 2925.02(A)(4); ninety days imprisonment for interference with custody, a violation of R.C.2919.23(A)(1); four to ten years imprisonment for sexual battery, a violation of R.C. 2907.03(A)(5), with an accompanying specification for a prior offense of violence; and four to ten years for compelling prostitution, a violation of R.C.2907.21(A)(2), with an accompanying specification for a prior offense of violence. The trial court suspended the fine and ordered that the sentences for corrupting another with drugs and interference with custody were to be served concurrently, while the sentences for corrupting another with drugs, sexual battery, and compelling prostitution were to run consecutively. Francis appealed these convictions, which this Court affirmed in State v.Francis (May 4, 1994), Summit App. No. 16351, unreported.
Thereafter, on September 22, 1997, the trial court conducted a sexual predator hearing pursuant to R.C. 2950.09(C). The matter of whether Francis should be adjudicated a sexual predator was taken under advisement by the trial court, which subsequently issued an entry on September 26, 1997, that overruled a motion to dismiss by Francis and found him to be a sexual predator.
Francis timely appealed and raises four assignments of error.
Assignment of Error No. I
 THE TRIAL COURT ERRED IN NOT FINDING OHIO REVISED CODE SECTION 2950.09 UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED IN VIOLATION OF THE UNITED STATES CONSTITUTION [sic] PROHIBITION AGAINST EX POST FACTO [sic] LAWS AND OHIO CONSTITUTION [sic] PROHIBITION AGAINST RETROACTIVE LAWS.
 Assignment of Error No. II
 THE TRIAL COURT ERRED IN NOT FINDING APPLICATION OF OHIO REVISED CODE SECTION 2950.09 (C) [sic] TO PERSONS CONVICTED OF SEXUALLY ORIENTED OFFENSES PRIOR TO JANUARY 2, 1997, VIOLATES THE DOUBLE JEOPARDY CLAUSES OF: THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE ONE OF THE OHIO CONSTITUTION, AND THE OHIO REVISED CODE SECTION 2943.09, BY ESTABLISHING ADDITIONAL PUNISHMENT FOR THE SAME OFFENSE.
 Assignment of Error No. III
 THE TRIAL COURT ERRED IN NOT FINDING THAT OHIO REVISED CODE SECTION 2950.09(C) IS UNCONSTITUTIONALLY VAGUE IN SETTING FORTH THE CRITERIA BY WHICH THE COURT IS TO DETERMINE WHICH INDIVIDUALS ARE TO BE LABELED AS SEXUAL PREDATORS.
In his first assignment of error, Francis avers that application of R.C. 2950.09(C) violates the constitutional prohibitions against ex post facto and retroactive laws. This Court held to the contrary in State v. Lawson (Apr. 14, 1999), Lorain App. No. 97CA006776, unreported. In his second and third assignments of error, Francis argues, respectively, that the registration and notification requirements imposed pursuant to R.C. Chapter 2950 are additional punishments that violate the constitutional prohibitions against double jeopardy and that the statute is void for vagueness because it fails to provide sufficient standards preventing arbitrary and discriminatory application.[1] This Court has previously rejected both arguments in State v. Lowe (Mar. 31, 1999), Summit App. No. 18793, unreported.
Francis' first three assignments of error are overruled.
Assignment of Error No. IV
 THE TRIAL COURT ERRED IN DETERMINING THAT JAMES FRANCIS QUALIFIED BY CLEAR AND CONVINCING EVIDENCE TO BE CLASSIFIED A SEXUAL PREDATOR AS SET FORTH IN OHIO REVISED CODE SECTION 2950.09 THEREBY VIOLATING THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO.
In his final assignment of error, Francis argues that the state failed to meet its burden in having him adjudicated a sexual predator because the state did not prove that he is likely to engage in the future in one or more sexually oriented offenses. In reaching this conclusion, Francis reasons that all of the factors set forth in R.C. 2950.09(B)(2) for the trial court's consideration do not apply to him and that, because he had not been convicted of a sexually oriented crime previously, there "is a strong argument against labeling him a person likely to engage in future sexual offenses." This Court finds such reasoning wholly unconvincing.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(C)(2) provides that in order for a trial court to adjudicate a defendant such as Francis a sexual predator, the court must conduct a hearing in which both the state and the defendant are given the opportunity to present evidence. In making this determination, the trial court must consider all relevant factors, including but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
Upon consideration of these and other relevant factors, the trial court shall determine whether an individual is a sexual predator based upon clear and convincing evidence. R.C.2950.09(C)(2). This Court has previously explained that the standard of clear and convincing evidence is satisfied if the evidence produces in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.State v. Rexroad (Apr. 1, 1999), Summit App. No. 18539, unreported. The clear and convincing standard requires more than a preponderance of the evidence, but does not require proof beyond a reasonable doubt. Id.
In the instant case, although the state did not satisfy all of the statutory factors to be considered pursuant to R.C.2950.09(B)(2), it was not required to do so; rather, the state was merely required to prove by clear and convincing evidence that Francis is likely to commit one or more sexually oriented offenses in the future. See State v. Maser (Apr. 20, 1999), Franklin App. No. 98AP-689, unreported ("The trial court may place as much or as little weight on any of the factors as it chooses; the test is not a balancing one. Nor does the trial court have to find the majority of the factors to be applicable to defendant in order to conclude defendant is a sexual predator.").
Further, although Francis had not been convicted of another sexually oriented crime prior to his 1993 convictions, the facts underlying those crimes satisfy numerous factors to be considered under R.C. 2950.09(B)(2) and weigh heavily toward indicating a proclivity to reoffend. The transcript of the sexual predator hearing reveals that Francis stipulated that the following testimony had been given at his jury trial. During the 1992 Christmas season, Francis' then seventeen-year-old daughter came to spend a visitation period with him. Francis, who was forty-six at the time, began to use crack cocaine and other drugs during this period of time. He also forced his daughter to have sexual intercourse with him on multiple occasions. During some of these incidents, Francis made his daughter smoke crack cocaine and consume alcohol. There was also testimony that Francis began to prostitute his daughter in exchange for money or crack cocaine. Eventually, he sold his daughter to another man for $20 worth of crack cocaine.
The trial court took into account these facts in considering the relevant statutory factors and journalized its findings in a September 26, 1997 entry that read in part:
 The Court finds that the following factors in Ohio Revised Code Section 2950.09(B) (2) apply to this Defendant and [are] relevant to the finding that he is a sexual predator:
 1. The Defendant was convicted of Corrupting Another With Drugs; Interference with Custody; Sexual Battery with Physical Harm Specification; Compelling Prostitution with Physical Harm Specification. The Defendant was sentenced to 7 to 25 years at the Ohio Department of Corrections and Rehabilitation; with 7 years actual time.
 The victim was 17 years of age and the Defendant 46 years of age at the time of the offense.
 3. The Defendant gave the victim alcohol and illegal drugs. The evidence was that the illegal drug was cocaine.
 The Court finds by clear and convincing evidence that the Defendant is a sexual predator * * *.
Given the evidence presented to the trial court establishing an ongoing pattern of sexual abuse by Francis perpetrated against his own daughter and the trial court's express consideration of the statutory factors, this Court affirms the decision of the lower court finding by clear and convincing evidence that Francis is a sexual predator likely to engage in the future in one or more sexually oriented offenses.
Francis' four assignments of error are not well taken. The judgment of the court of common pleas is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ DONNA J. CARR
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR
[1] Although Francis raises his void for vagueness argument in his third assignment of error, he failed to raise this argument in the proceedings below. The Supreme Court of Ohio has held:
 Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Nevertheless, this Court addresses the argument herein in the interest of justice.